**SUPREMACY CAPITAL COMPANY, Plaintiff–Counterclaim Defendant– Appellee,**

v.

**TRI–MED FINANCE COMPANY, Defendant–Counterclaim Plaintiff–Appellant.**

**No. 01–3501.**

United States Court of Appeals, Sixth Circuit.

Feb. 19, 2003.

Before DAUGHTREY and SILER, Circuit Judges; and ALDRICH, District Judge.[*]

ALDRICH, District Judge.

Defendant/counterclaim plaintiff Tri– Med Finance Company ("Tri–Med") appeals the district court's grant of summary judgment on the basis of claim preclusion to plaintiff/counterclaim defendant Supremacy Capital Company ("Supremacy") on Tri–Med's counterclaims alleging breach of fiduciary duty and breach of contract (the "counterclaims"). Tri–Med argues that the district court erred because: (1) there was never a decision on the merits of Tri–Med's counterclaims against Supremacy; (2) the doctrine of claim preclusion does not require Tri–Med to join all defendants in one action; and (3) Supremacy is not in privity with the parties from the prior actions at issue in this case.[1] Tri–Med further appeals the district court's order enjoining it from causing American Healthcare Capital Company ("AHCC") to sue Supremacy or any affiliate thereof on any cause of action related to the transactions at issue in this case. Tri–Med argues that the district court should not have enjoined Tri–Med because: (1) AHCC was not a party to this action or any prior action at issue in this case. (2) no claims have been asserted on AHCC's behalf; and (3) Supremacy failed to submit evidence establishing a factual predicate for a finding of privity between AHCC and Tri–Med. However, upon review, we find that the district court prop-

---

[*] The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

1. On appeal, Tri–Med also argued that claim preclusion should not apply in this case because an adjudication on the merits in one consolidated case may not act as *res judicata* to the other consolidated case. Tri–Med, however, did not raise the issue below, and,

because "[a] long line of cases in this circuit strongly reinforces the principle that issues not litigated in the trial court are generally not appropriate for appellate consideration in the first instance," we will not consider Tri– Med's argument. *Taft Broadcasting Co. v. United States,* 929 F.2d 240, 243 (6th Cir. 1991).

erly granted summary judgment, on the basis of claim preclusion, to Supremacy on Tri–Med's counterclaims. We further find that, because Tri–Med's counterclaims are precluded on the basis of claim preclusion, the district court properly enjoined Tri–Med from causing AHCC to sue Supremacy or any of its affiliates on any cause of action relating to the transactions at issue in this case. Accordingly, we AFFIRM the district court's order in all respects.